UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: § <br> § <br> **LORRIE ANN JOHANNESSEN,** § <br> § <br> Debtor. § <br>_____ § | **Case No. 3:12-bk-02370** <br> **Chapter 13** <br> **Judge Randal S. Mashburn** |

## OPPOSITION TO BANK OF AMERICA'S
## EXPEDITED MOTION TO WAIVE FILING REQUIREMENT

COMES NOW Scott Johannessen, co-debtor herein, and opposes Bank of America, N.A.'s ("BANA") *Expedited Motion to Waive Electronic Filing Requirement* (the "*Expedited Motion*"), DE No. 97, as follows:

In all candor, Mr. Johannessen has no idea what documents BANA failed to timely file and/or serve on him as per the pre-hearing disclosure requirements of Local Rule 9014-1(c). It is curious that BANA's failure to comply with the Local Rules comes on the heals of Mr. Johannessen's notification to the Court and the parties that an unavoidable scheduling conflict prohibits him from attending the May 29, 2013, hearing. See DE No. 94, *Hearing Brief* (an earnest attempt to remedy the scheduling conflict was not successful and the Court was so notified). Further, BANA's request for expedited relief was served via ECF at the last minute and at the very end of the business day preceding the scheduled morning hearing.

At least four times now BANA has filed various mortgage loan and other document "packages" that have been accompanied by sworn affidavits and/or declarations of a BANA attorney and no fewer than two BANA officers. Each time BANA's submissions have been met with extensive evidentiary and procedural objections, e.g., myriad authentication, hearsay, foundation, ownership, fraudulent endorsement, document provenance, improper commercial paper and void/broken chain of title issues.[1] And, each time BANA has unsuccessfully attempted to remedy the numerous evidentiary deficiencies by submitting yet another and equally deficient affidavit and/or declaration.

---

[1] These evidentiary and procedural objections appear throughout the record in this case. See e.g., DE Nos. 78-79 (Co-debtor's *Objections*), 87 (Co-debtor's *Supplemental Objections*), 88 (Co-debtor's *Affidavit*) and 89 (Co-debtor's *Objections to Evidence*), each of which is incorporated herein by this reference.

Under the circumstances and given past practices, Mr. Johannessen objects to whatever documents BANA belatedly seeks to improperly introduce, which documents he obviously has not yet had an opportunity to review.[2] Those documents may be inconsequential in any event, as this Court already made it clear that the May 29 hearing will not result in "some implicit ruling on the merits of any underlying dispute between BANA and the co-debtor. To the contrary, relief from the co-debtor stay would simply allow whatever disputes they may have to be resolved in another forum." See De No. 83. That other forum, where the efficacy and provenance of the questionable BANA mortgage loan and other documents are the subject of great scrutiny and controversy, is now pending in District Court. See DE No. 75, *Notice of Related Case*.

Mr. Johannessen respectfully requests that BANA's *Expedited Motion* be DENIED.

Respectfully submitted,

By: /s/ *Scott D. Johannessen*

Scott D. Johannessen, BPR # 26767
LAW OFFICES OF SCOTT D. JOHANNESSEN
3200 West End Avenue, Suite 500
Nashville, TN 37203
Telephone: 877.863.5400
Facsimile: 877.863.5401
E-Mail: scott@sdjnet.com
Web: www.sdjnet.com

*Attorney for Co-debtor*

---

[2] As expressed by him in the past, Mr. Johannessen remains of the opinion that BANA, not its present attorney, is the cause of the mortgage loan documentation shell game. Mr. Johannessen understands that BANA's attorney is limited to presenting only those documents BANA is inclined to share with its counsel of record at any given moment in time.

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that on the 28th day of May 2013 he caused a true and correct copy of the foregoing document to be delivered to Henry E. Hildebrand, III, Chapter 13 Trustee, P.O. Box 340019, Nashville, Tennessee 37203-0019 and the persons/entities appearing of record herein via first class United States mail, postage prepaid, and/or, where possible, via electronic mail through the Court's ECF system. Parties may also access this filing through the Court's ECF system.

                       By: /s/ *Scott D. Johannessen*
                           Scott D. Johannessen

In re Lorrie A. Johannessen      P a g e | 3      Opposition to Expedited Motion

Case 3:12-bk-02370   Doc 100   Filed 05/28/13   Entered 05/28/13 21:52:11   Desc Main
Document   Page 3 of 3